IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McIVER AND HOLLYNN DELIL,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SEATING AND MOBILITY;<br>MARTIN D. AND JANET M. SOUZA<br>FAMILY REVOCABLE TRUST; and<br>DOES 1-25, Inclusive,<br><br>Defendants. | CIV. S-04-1616 GEB DAD<br><br>ORDER DISMISSING ACTION |

On April 30, 2005, the parties filed a "Stipulation and Proposed Order for Dismissal" ("Proposed Order"). The Proposed Order would have the Court "incorporating by reference" the parties' "Mutual Release And Settlement Agreement" ("Settlement Agreement"), even though this Settlement Agreement has not been filed or otherwise shown to the Judge. Further, the Proposed Order erroneously assumes that the Court will exercise jurisdiction over a settlement agreement which the Court has not seen. Regarding this, the parties state that they "stipulate to the Court retaining jurisdiction to enforce the Mutual Release And Settlement Agreement." The parties also evince their

1

intention to have this action dismissed with prejudice, since Plaintiffs "move to dismiss with prejudice the lawsuit against Defendants," and "Defendants . . . agree to the dismissal with prejudice"; and the parties state as their conclusion they "so stipulate."

The parties' stipulation to dismiss the action with prejudice presents the issue whether the federal court would have jurisdiction to enforce the parties' Settlement Agreement after this dismissal is effectuated.  The Seventh Circuit addressed this issue in Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002) as follows:  "once a suit is dismissed with prejudice the judge loses all power to enforce the terms of the settlement that may lie behind that dismissal.  The settlement is just another contract to be enforced in the usual way, that is, by a fresh suit."

While it is recognized that federal jurisdiction can be exercised over certain settlements, exercising jurisdiction is not automatic; settlement contracts must be analyzed for determination whether the exercise of jurisdiction over them is "essential to the conduct of federal-court business."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 382 (1994).  This determination cannot be made when the Judge has not seen the Settlement Agreement.  Of course, "the mere fact that the parties agree that the court should exercise . . . jurisdiction [over their Settlement Agreement] is not binding on the court."  Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996).  Therefore, jurisdiction will not be exercised over the parties' Settlement Agreement.

Because the parties stipulate that they have settled this action and it is to be dismissed with prejudice, and since nothing in

their Proposed Order indicates their settlement is contingent upon the Court retaining jurisdiction, this action is dismissed with prejudice under Federal Rule of Civil Procedure 41(a)(1).  See Oswalt v. Scripto, Inc., 616 F.2d 191, 194 (5th Cir. 1980) (revealing that when the parties' representations of settlement are tantamount to a stipulated dismissal, a dismissal order should issue).  The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:  May 9, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

Dated:  May 9, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge